UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 25-mj-147 |
| **MUSTAFA WRIGHT,** | |
| Defendant. | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(d)(1)(A)(iii) (Defendant on probation or parole) and 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm), as the defendant, Mustafa Wright, is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). At the time the defendant committed the instant offense, he was on supervised release for three separate cases, in which he was convicted, respectively, of illegal possession of a firearm, burglary, and robbery charges. The evidence presented to the Court shows that the defendant poses a demonstrated danger to the public if he were released. As described below, all four statutory factors in § 3142(g) strongly favor pretrial detention.

## I. Factual and Procedural History

On August 17, 2025, at approximately 2:50 PM, Officer Michael Reynolds ("Officer Reynolds") of the United States Park Police (USPP) was conducting a routine patrol around Anacostia Drive and Popular Point in Washington, D.C. Officer Reynolds observed a black Chevy Impala bearing Maryland temporary tags that was parked illegally by having its left wheel to the curb on a two-way street. Officer Reynolds ran the tags of the vehicle, which came back expired as of June 29, 2025. Officer Reynolds then initiated a traffic stop of the vehicle. The driver of the

vehicle was the defendant, Mustafa Wright.

Wright provided his driver's license to Officer Reynolds but was unable to provide valid registration or insurance. Upon confirmation that the tags were expired, Officer Reynolds requested a tow truck to impound the vehicle in accordance with USPP policy. Officer Reynolds then conducted an inventory search of the vehicle in accordance with USPP policy and recovered a firearm from a black cross body satchel located in the middle part of the floorboard of the passenger area of the vehicle. The recovered firearm was a Glock 17 9mm pistol, bearing serial number ABPV999, loaded with one round of 9mm ammunition in the chamber and 22 additional rounds in the 31 round capacity magazine. Upon signaling the USPP code word for the recovery for a firearm, Wright fled on foot before Officer Reynolds could arrest him. Officer Reynolds then unsuccessfully deployed his taser, which prompted Wright to stop running. Officer Reynolds then placed Wright under arrest for illegal possession of a firearm.

On August 18, 2025, this Court signed a complaint, charging Wright with one count of violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). On August 19, 2025, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report (PSR). A detention hearing is set for August 21, 2025.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the

government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

### 1. The United States' Bases for Detention

The United States seeks detention pursuant to §§ 3142(d)(1)(A)(iii) (defendant on probation or parole) and 3142(f)(1)(E) (felony involving possession of a firearm), because the defendant is charged with possession of a firearm while he was on supervision in three cases: Unlawful Possession of a Firearm by a Convicted Felon in U.S. District Court for the District of Maryland case number 18-cr-487 (TDC), Second Degree Burglary in D.C. Superior Court case 2014-CF3-013488, and Robbery in D.C. Superior Court case number 2012-CF2-017435.

As the Court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case. *See* 18 U.S.C. § 3142(g).

### A. The Nature and Circumstances of the Offenses Weigh in Favor of Detention

The nature of the defendant's conduct is serious and weighs heavily in favor of pretrial detention in this case. The defendant is charged with possessing a loaded semi-automatic firearm under § 922(g)(1)—a serious crime carrying up to 15 years in prison under § 924(a)(8).

As a threshold matter, the Court has repeatedly held that possession of a firearm, when loaded or carried in a concealed manner as in this case, poses a risk of danger to the community. *See, e.g., United States v. Howard*, No. 20-mj-181 (BAH), 2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."); *United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public."). Judges of this Court have warned against discounting the inherent danger associated with loaded firearms. *See, e.g.*, *United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *7–8 (D.D.C. Feb. 6, 2023) (Howell, C.J.) (the absence of evidence of "use" "does little to detract from" the danger posed by a firearm "loaded with 19 rounds of ammunition in an extended magazine, . . . more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm" and placement "at the ready, on his person, and easily within reach"), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *see also United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (Faruqui, M.J.) (holding that a defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling"), *aff'd* (D.D.C. Nov. 5, 2020).

In this instance, the defendant was illegally driving a vehicle in Washington, D.C. while

possessing a semi-automatic pistol, loaded with one bullet in the chamber and an additional 22 rounds in a 31 round capacity magazine. The lethality of the defendant's firearm is also a factor the Court should consider. The defendant's firearm was further enhanced by its extended magazine. An extended magazine is an after-market product designed to carry more ammunition than the firearm was originally manufactured to carry. Its purpose is to allow for more rounds to be fired at one time than originally designed. More rounds mean more harm to other people.

Furthermore, the defendant illegally possessed this firearm while on court supervision for three cases, including two violent offenses – Robbery and Second-Degree Burglary – and one for illegal possession of a firearm by a convicted felon. Despite the defendant's inability to legally purchase firearms, he nevertheless obtained one in this case. Because the defendant could not have purchased the firearm legally, he therefore had an illicit source for firearms. Firearms registration and possession laws exist to protect the community. In this case, those laws were clearly broken by the defendant, a fact that demonstrates an inability or unwillingness to abide by our District's firearms laws. That the defendant unlawfully obtained a firearm while on supervised release demonstrates his failure to comply with any conditions of release and the law. As such, the nature and circumstances of these offenses weigh heavily in favor of detention.

      **B.**    **The Weight of the Evidence Against the Defendant Favors Pretrial Detention**

The weight of the evidence against the defendant also weighs heavily in favor of pretrial detention. The weight of the evidence should be considered equally with the other § 3142 factors. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 U.S.

Dist. LEXIS 18988, at *29-30. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Moreover, the Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang*; this factor should be given no less weight than any other factor.

Indeed, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30. And so, it is in this case, the weight of the evidence increases the prospect that the defendant will present a danger to the community if released.

Here, the USPP recovered a firearm from the defendant's satchel in the middle part of the back seat area of the vehicle. Upon discovery of the firearm, the defendant attempted to flee from the police. All told, the evidence is strong, which weighs in favor of detention.

### C. The Defendant's History and Characteristics Weigh in Favor of Detention

The third factor—the history and characteristics of the defendant—heavily favors detention as the defendant has four adult convictions and was on supervision for three of them while committing the instant offense. Of note, three of the defendant's convictions are for violent offenses. All four convictions are discussed below.

In 2019, the defendant was convicted of the exact same offense as the instant charge: Felon in Possession of a Firearm, in U.S. District Court for the District of Maryland case number 18-cr-487 (TDC). In that case, officers arrested him for the illegal possession of a firearm in his backpack while officers were investigating him for breaking into a vehicle in Suitland, Maryland. The court sentenced the defendant to 51 months' confinement, and he was released on September 6, 2022. The defendant was detained in that case pending trial.

In 2014, the Defendant was convicted of Second-Degree Burglary in D.C. Superior Court case number 2014-CF3-013488, when on May 29, 2013, the defendant broke into the home of a civilian and stole from her two handguns, jewelry, electronics, credit cards, and other items. The court sentenced the defendant to 30 months incarceration followed by 3 years' supervised release under the Youth Rehabilitation Act (YRA). The defendant committed the firearm offense in 18-cr-487 while under supervision for this case.

In 2013, the defendant was convicted of Robbery in D.C. Superior Court case number 2012-CF2-017435, when on October 5, 2012, the defendant approached a person in inside a parked car and attempted to steal her phone that was sitting next to her inside her car. The defendant was initially sentenced to a partially suspended YRA sentence, but the defendant's probation was revoked to incarceration on August 4, 2014, and he was sentenced to 18 months' incarceration and 3 years' supervised release for his rearrest in Prince George's County, Maryland for First Degree Burglary.

Additionally, in 2014, the Defendant was convicted of two counts of First-Degree Burglary in Prince George's County, Maryland case number CT131114A. The government does not currently know the underlying facts of this case but can represent that the defendant was sentenced

7

to 15 years' incarceration with 13 years 6 months suspended on Count One, and 10-years' incarceration fully suspended on Count Two. The defendant was initially released from custody on June 25, 2014, but on August 14, 2021, the court revoked the defendant's probation and sentenced him to three years, three months, and four days incarceration with no supervision to follow.

Ultimately, the defendant has been given numerous chances to remain in the community under supervision in his various criminal matters, but as his history makes clear, the Court should have no faith that he will follow the Court's orders as he has committed a new crime every single time he has been on court supervision as an adult.

    **D.**    **The Danger to the Community Created by Defendant's Release Weighs in Favor of Detention**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, similarly weighs heavily in favor of detention. The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'" *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This requires the court to make a "forward looking determination" about the defendant's risk of danger to the community, keeping in mind that detention may be justified even if the court does not explicitly find that the defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283).

Here, the defendant poses an obvious and articulable threat to the community as evidenced by his violent history, recidivism, and his failure to obey court orders. As noted above, the

defendant is on supervision in three cases and has had his probation revoked in two of them. While under supervision, the defendant brought a loaded semi-automatic firearm with a 31 round extended magazine into the District. The defendant knew that he was not legally permitted to possess a firearm, but he did so in this case anyway. Of note, he was most recently convicted in 2019 of the exact same offense as is charged here: Unlawful Possession of a Firearm by a Person Convicted for a Crime Punishable by more than One Year of Imprisonment, in violation of 18 U.S.C. § 922(g)(1). That he would defy a court's order and carry a firearm demonstrates just how dangerous he is to the community. This factor, along with the other three factors, weighs in favor of the defendant's detention without bond pending trial to ensure the safety of the community.

### III. Conclusion

The government respectfully requests that the court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY
D.C. Bar No. 481866

By: /s/ *David B. Liss*
DAVID B. LISS
Special Assistant United States Attorney
D.C. Bar No. 90017629
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-680-4025
Email: David.liss2@usdoj.gov